UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

GLEESON, J.

ABRAHAM WILKINS,

                Plaintiff,

-against-

MASON TENDERS DISTRICT COUNCIL
PENSION FUND AND THE TRUSTEES
OF THE MASON TENDERS DISTRICT
COUNCIL PENSION FUND

                Defendants.

POLLAK, M.J

COMPLAINT

Case No. 2003 CV

1581

## INTRODUCTION

Plaintiff, Abraham Wilkins (herein alternately "Wilkins" or "Plaintiff"), by his attorney, Robert J. Bach, alleges as and for the complaint as follows:

1. This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sections 1001-1461, as amended, and Plaintiff seeks recovery of pension benefits owed to him by Defendants.

2. Plaintiff was a participant in the Mason Tenders District Council Pension Fund ("Fund"). He applied for a benefit and received a lump sum payment of $450 as his pension benefit. The Trustees of the Fund have refused to award him additional credits based on his service for 15 additional years, because the Fund did not retain the necessary records to demonstrate that he worked in covered employment, notwithstanding the Fund's admission that his employers were obligated to contribute to the Fund during the relevant periods.

1

3. Wilkins requests that the Court (1) award his pension based on his additional years of service, with interest, (2) declare that the Defendants' procedure for keeping and retaining records is in violation of their fiduciary duties and that the Court direct the Trustees to revise that procedure, and advise the affected participants that they will have to retain necessary records to demonstrate covered employment; (3) award costs and disbursements, attorneys' fees, etc.; and (4) grant such other remedy as the Court may determine.

## Jurisdiction

4. The court has jurisdiction of this matter pursuant to the Employee Retirement Income and Security Act of 1974, as amended, 29 USC sections 1132 (a)(1)(B), 1132(a)(3), and 1132(e)(1), as well as 28 USC Sections 1331, 2201, and 2202.

## Venue

5. Venue is in the Eastern District of New York because Plaintiff resides in this District. 28 USC section 1391(a) and 29 USC section 1132(e)(2).

## Parties

Plaintiff

6. Abraham Wilkins, the Plaintiff, resides at 49 East 43rd Street, Brooklyn, New York, 11203.

7. Wilkins was employed as a laborer by employers obligated to make contributions to the Fund on his behalf, "covered employment". Wilkins was a

participant in the Fund within the meaning of ERISA, 29 U.S.C. section 1002(7) from 1955 through 1965 and 1988.

Defendants

8. The Defendant Mason Tenders' District Council Pension Fund is an employee pension benefit plan within the meaning of ERISA, 29 USC § 1002(2). It has its principal office at 520 Eighth Avenue, New York, NY 10018.

9. The Fund was established in or about 1955 to provide pension and other benefits to employees in covered employment.

10. The Defendant Trustees of the Mason Tenders District Council Pension Funds are the fiduciaries, within the meaning of ERISA, 29 USC § 1002(21A), of the Defendant Mason Tenders District Council Trust Funds.

First Cause of Action

11. Wilkins filed an application for benefits and received a lump sum pension of $450 based on his years of service that the Fund credited him with.

12. Wilkins filed a claim for additional benefits based on service from 1951 through 1965, and 1985.

13. By letter dated June 13, 2001, the Pension Fund denied Mr. Wilkins' claim, because, inter alia, it could not be demonstrated by Mr. Wilkins that he worked in covered employment during the relevant periods.

14. By letter dated December 11, 2001, Mr. Wilkins' attorney submitted to the Fund, a certified record from Social Security that showing the identity of Mr.

3

Wilkins employers and his earnings as reported to Social Security. The Social Security records demonstrated that Mr. Wilkins had worked for employers who had been obligated to contribute to Fund while Mr. Wilkins was employed by those employers.

15. By letter dated January 14, 2002, the Fund rejected this information since it did not demonstrate that Mr. Wilkins worked in "covered employment" during the relevant periods, suggesting that he submit e.g. pay stubs from 1951 through 1967 and 1985.

16. By letter dated May 31, 2002, Mr. Wilkins' attorney requested information from the Fund - if certain employers were obligated to contribute to the Fund, and specifically, if the Fund had audited WelMixed Concrete Co. Inc. one of Mr. Wilkins' employers or if the records were no longer in existence.

17. By letter dated June 25, 2002, the Fund's attorney responded, that the Fund's Office did not know if WelMixed Concrete Co had been audited or if the audit records had been lost.

18. By letter dated July 9, 2002 Mr. Wilkins' attorney advised the Fund that he had no other documentary evidence to produce, but that Mr. Wilkins would submit an affidavit that he worked in covered employment for the periods in question.

19. By letter dated October 9, 2002, Counsel for the Fund advised Mr. Wilkins' attorney that the Fund had denied his claim for additional benefits because, inter alia, Mr. Wilkins was unable to prove that he was employed in covered employment during the relevant periods. The October 9, 2002 letter also

4

rejected Mr. Wilkins' offer to furnish an affidavit to substantiate his covered employment.

20. Mr. Wilkins challenges the determination of the Trustees and sues under 29 USC 1132(a)(1)(B) to recover benefits due him under the terms of the Plan.

## Second Cause of Action

21. Plaintiff realleges Paragraphs 1 - 20 as though restated herein.

22. Plaintiff challenges this determination by the Trustees pursuant to 29 USC 1104(a)(1)(B) as being arbitrary and capricious because they improperly shifted the burden for keeping the necessary records to determine Mr. Wilkins eligibility for benefits for the period 1951 through 1965 and 1985 from the Fund to Mr. Wilkins.

## Third Cause of Action

23. Plaintiff re-alleges paragraphs 1 - 22 as through restated herein.

24. The Trustees failure to conduct audits for employees working in covered employment to determine if plan participants were in covered employment or improperly excluded from covered employment was a breach of the fiduciary duty that the Trustees owed to the participants in violation of 29 USC 1104(a)(1)(B).

### Fourth Cause of Action

25. Plaintiff re-alleges paragraphs 1 - 24 as through restated herein.

26. The Trustees failure to maintain and secure the audits for employees working in covered employment was a breach of the fiduciary duty that they owed to their participants in violation of 29 USC 1104(a)(1)(B).

### Fifth Cause of Action

27. Plaintiff re alleges paragraphs 1 - 26 as through restated herein.

28. The Trustees failure to warn or advise the Participants that they should maintain and secure records of their covered employment because they would be required to prove that they were in covered employment to earn a pension benefit was a breach of the fiduciary duty that they owed to their participants in violation of 29 USC 1104 (a)(1)(B).

WHEREFORE, Wilkins demands judgment against Defendants as follows:

1. An additional benefit based upon covered employment from 1951 through 1965 and 1985 plus interest;

2. Declare that the Defendants' procedure for keeping and retaining records is in violation of their fiduciary duties and that the Court direct the Trustees to revise that procedure, and advise the affected participants of the Fund that they will have to retain necessary records to demonstrate covered employment, specifying the records that the Fund will accept;

6

3. Costs and disbursements incurred in this action including attorneys' fees, etc; and,

4. Such other remedy as the Court deems appropriate.

March 27, 2003
New York, NY

*(signature)*

ROBERT J. BACH
RB-2751
Attorney for Plaintiff
295 Madison Avenue
26th Floor
New York, NY 10017
212-867-4455